**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Noelle Mitchell<br>725 Wyman St.<br>Toledo, Ohio 43609 | *<br><br>* | <br><br>Case No. 3:18-cv-257 |
| Plaintiff, | * | JUDGE |
| v. | * | MAGISTRATE JUDGE |
| Marco's Pizza Distribution, LLC<br>1435 Holland Rd., STE B<br>Maumee, Ohio 43537 | *<br><br>* | **COMPLAINT** |
| Defendant. | * | |

Now comes Plaintiff Noelle Mitchell ("Plaintiff" or "Ms. Mitchell"), by and through undersigned counsel, and proffers this Complaint for damages against Marco's Pizza Distribution, LLC ("Defendant" or "Marco's Pizza"), as follows:

**I. JURISDICTION AND VENUE**

1. This action is brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, (the "Ohio Wage Act"), O.R.C. §§ 4111 *et seq.*, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, and Ohio's Recordkeeping laws, Ohio Rev. Code §§ 4111.08 and 4111.14(G) & (H) (the Ohio Wage Act, the OPPA, and Ohio's Recordkeeping laws will be referred to collectively as "the Ohio Acts"). Plaintiff also seeks redress for Defendant's unlawful termination of her in retaliation for Plaintiff opposing and/or reporting sexual harassment, in violation of Ohio Revised Code Chapter 4112 ("Chapter 4112").

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court

maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue properly lies in this forum pursuant to 28 U.S.C. § 1391, because Defendant employed Plaintiff in the Northern District of Ohio, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and Defendant conducts substantial business in this judicial district.

## II. THE PARTIES

4. Plaintiff Noelle Mitchell is an individual, United States citizen, and resident of the State of Ohio living in the Northern District of Ohio.

5. At all times relevant herein, Plaintiff was employed by Defendant from approximately September, 2011 through September 29, 2017 as a clerk in the accounts receivable & collections department. For a short period of time, she was "promoted" to the position with a title of "new store coordinator", but her primary job duties as a clerk as described herein remained the same during all times relevant.

6. As a clerk, Plaintiff was supposed to be compensated at an hourly rate because she primarily performed non-exempt job duties on behalf of Defendant as defined in the FLSA, federal regulations, and the Ohio Wage Act.

7. However, Plaintiff was compensated at a rate of approximately $750 per week.

8. As a accounts receivable & collections clerk, Plaintiff's primary job duties consisted of clerical work such as (1) processing payments received by franchisees, (2) assisting with the collection of unpaid invoices of franchisee customers, (3) data entry into internal database, (4) generating a weekly list of franchisee customers with an unpaid balance of products ordered

from Defendant depending on whether the franchisee was a new or existing customer, and (5) sending franchisee reports from internal database to franchisee customers upon request.

9. Defendant is an Ohio limited liability company with its principal place of business in the Northern District of Ohio.

10. Defendant is actively doing business in this judicial district. At all times relevant, Defendant is and has been an "employer" as that term is defined by the FLSA, the Ohio Wage Act, the OPPA, and Chapter 4112.

11. Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

12. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

### III. STATEMENT OF FACTS

13. In or around September, 2011, Plaintiff began working for Defendant as a clerk in the accounts receivable & collections department until Defendant terminated her employment on September 29, 2017. For a short period of time, she was "promoted" to the position with a title of "new store coordinator", but her primary job duties as a clerk remained the same during all times relevant.

14. As a accounts receivable & collections clerk, Plaintiff's primary job duties consisted of clerical work such as (1) processing payments received by franchisees, (2) assisting with the collection of unpaid invoices of franchisee customers, (3) data entry into internal database, (4) generating a weekly list of franchisee customers with an unpaid balance of products ordered from Defendant depending on whether the franchisee was a new or existing customer, and (5) sending franchisee reports from internal database to franchisee customers upon request.

15. As a clerk in the accounts receivable & collections department, Plaintiff could not hire, fire, or discipline employees.

16. During all times relevant, Plaintiff's job duties were clerical and routine.

17. Plaintiff's primary job duties did not consist of the exercise of discretion and independent judgment with respect to matters of significance.

18. As a clerk, Plaintiff was supposed to be compensated at an hourly rate because she was a non-exempt employee of Defendant as defined in the FLSA, the Ohio Wage Act, and the OPPA. She was also an "employee" as that term is defined in Chapter 4112.

19. Thus, at all times relevant, Plaintiff was a non-exempt hourly employee entitled to overtime wages for all hours worked in excess of forty (40) in any workweek.

20. However, Plaintiff was misclassified by Defendant as an "exempt" employee when it compensated her at a rate of approximately $750 per week.

21. During the three years preceding the filing of this Complaint (hereinafter "Relevant Time Period"), Plaintiff regularly worked in excess of forty (40) hours per week.

22. For example, Plaintiff worked beyond the regularly scheduled business hours, including nights and weekends, while performing substantial duties on behalf of Defendant.

23. Further stating, Plaintiff did not receive an uninterrupted bona fide meal period because she performed substantial duties on behalf of Defendant during her purported meal period or the meal period was not uninterrupted for the full meal period due to business interruptions or requests to perform job duties on behalf of Defendant. Despite not receiving an uninterrupted meal period as described above, Defendant did not compensate her for that time even though it was compensable hours because she performed her job duties on behalf of Defendant.

24. Despite working in excess of forty (40) hours in a workweek during the Relevant Time Period, Defendant did not pay Plaintiff one-and-a-half times her regular hourly rate ("overtime rate") for all hours she worked in excess of forty (40) in a workweek.

25. Rather, Plaintiff was paid $750 per week no matter how many hours she worked on behalf of Defendant.

26. Defendant knew or should have known that Plaintiff worked in excess of forty (40) hours per week during all times relevant.

27. Defendant willfully elected not to compensate her for all hours worked in excess of forty (40) during the three years preceding the filing of this Complaint.

28. Defendant's failure to pay Plaintiff resulted in unpaid wages, including overtime wages, liquidated damages, costs, and attorneys' fees.

### IV. CAUSES OF ACTION

### COUNT I
### (FLSA – Unpaid Overtime)

29. All of the preceding paragraphs are realleged as if fully rewritten herein.

30. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

31. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

32. The FLSA requires that non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

33. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.1, *et seq*.

34. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR § 541.301.

35. During the three years preceding the filing of this Complaint, Defendant employed Plaintiff as a clerk in the accounts receivable & collections department.

36. Plaintiff routinely worked in excess of forty hours per week during the three years preceding the filing date of this lawsuit.

37. Plaintiff should have been paid the overtime premium for all hours worked in excess of forty hours per workweek.

38. Defendant failed to pay Plaintiff the overtime premium required by the FLSA.

39. Defendant knew or should have known of the overtime payment requirements of the FLSA.

40. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

41. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendant's willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## COUNT II
### (Ohio Revised Code § 4111.03 – Unpaid Overtime)

42. All of the preceding paragraphs are realleged as if fully rewritten herein.

43. This claim is brought under Ohio law.

44. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111 et seq.; *See also* 29 U.S.C §206(b).

45. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938. *See* O.R.C. § 4111.03 (A), *See also* 29 U.S.C. § 207 (a)(1).

46. Plaintiff was a covered employee entitled to the Ohio Wage Act's protections.

47. Plaintiff was not exempt from receiving Ohio Wage Act overtime benefits because she was not an exempt "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* O.R.C. 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq.*

48. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR §541.301.

49. Defendant is a covered employer required to comply with the Ohio Wage Act's mandates.

50. Defendant violated the Ohio Wage Act with respect to Plaintiff by failing to compensate her at the rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek.

51. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

52. For Defendant's violations of the Ohio Wage Act, Plaintiff has suffered damages and is entitled to recover unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
### (Ohio Revised Code § 4113.15 - Ohio Prompt Pay Act)

53. All of the preceding paragraphs are realleged as if fully rewritten herein.

54. During relevant times, Defendant was covered by the OPPA; and Plaintiff was employed by Defendant within the meaning of the OPPA.

55. The OPPA requires that the Defendant pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

56. During relevant times, Plaintiff was not paid overtime wages at one and one-half times her regular rate within thirty (30) days of performing the work. *See* O.R.C. §4113.15(B).

57. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

58. Plaintiff has been harmed and continues to be harmed by Defendant's acts or omissions described herein.

59. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and its actions entitle Plaintiff to liquidated damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

### COUNT IV
### (Ohio Const. Art. II, § 34a and Ohio R.C. § 4111.01, et seq. – Failure to Maintain Wage and Hour Records)

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. Article II, Section 34a of the Ohio Constitution requires employers to maintain records for each employee showing that employee's name, address, occupation, pay rate, hours worked for each day worked, and each amount paid to an employee for a period of not less than three years following the last date that the employee was employed.

62. The Ohio Wage Act also requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08 and Ohio Rev. Code §§4111.14(G). *See also*, 29 C.F.R. §§ 516.2 *et seq.*

63. During times material to this Complaint, Defendant was a covered employer and required to comply with the mandates of the Ohio Constitution and the Ohio Wage Act.

64. Plaintiff was a covered employee entitled to the protection of the Ohio Constitution and the Ohio Wage Act.

65. During times material to this Complaint, Defendant violated the Ohio Constitution and the Ohio Wage Act with respect to Plaintiff by failing to track or properly

maintain accurate records of all hours Plaintiff worked each workday and within each workweek. Rather, it knowingly suffered or permitted her to continue to work without properly tracking her compensable hours.

66. In violating the Ohio Constitution and the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable provisions.

67. As a result of Defendant's willful violations of Ohio's recordkeeping laws, Plaintiff is entitled to prove her damages by way of just and reasonable inferences.

## COUNT V
### (Retaliation - Ohio Revised Code § 4112.02(I))

68. All of the preceding paragraphs are realleged as if fully rewritten herein.

69. During March, 2017, a co-worker of Plaintiff spread a rumor around that Plaintiff was sexually involved with her supervisor. Plaintiff reasonably believed that the rumors were unlawful because the rumors of sexual nature directed at her were both offensive and unwelcomed in the workplace.

70. In response, Plaintiff engaged in protected activity by reporting and/or opposing the sexually harassing conduct. For example, the same day as the rumors spread, Plaintiff verbally reported the sexually harassing conduct via a phone call with Tony Romano ("Mr. Romano"), Defendant's General Manager.

71. Throughout the following months, a co-worker continued to spread sexually harassing rumors about Plaintiff throughout the workplace.

72. In response, Plaintiff further engaged in protected activity by reporting and/or opposing the sexually harassing conduct. For example, Plaintiff verbally reported the sexually harassing conduct to Don Vlcek ("Mr. Vlcek"), Defendant's then-President. In addition, she reported and clarified the underlying sexually harassing conduct to the legal team of Marco's

franchising. However, nothing was done to ameliorate the sexually harassing conduct lodged against her.

73. Instead, Plaintiff was forced to report directly to the co-worker who had continued to spread the sexually harassing rumors.

74. In the middle of September, 2017, Plaintiff again reported to her General Manager that her working conditions had become hostile due to the sexually harassing rumors and the fact that Plaintiff's supervisor (i.e. the one spreading the rumors) continued to target Plaintiff.

75. Within the next two weeks, in response to Plaintiff's complaints and/or opposition to be sexually harassed concerning the terms, conditions, and privileges of employment, Defendant terminated Plaintiff in retaliation for engaging in protected opposition activity.

76. Given her unblemished, lengthy, work history, and the unknown reason for Plaintiff's termination, it is plausible to infer that the reason for the termination was in retaliation for engaging in protected opposition activity as described herein.

77. By Defendant's foregoing omissions and commissions, Defendant has violated Ohio Revised Code § 4112.02(I).

78. The Defendant's foregoing actions were taken with a conscious disregard for the rights of Plaintiff, causing Plaintiff to lose wages, salary, employment benefits, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses and entitling her to reinstatement, and to recover her actual damages, interest thereon, punitive damages, attorneys' fees, costs, and other relief available under Ohio Revised Code Chapter 4112.

### V. **PRAYER FOR RELIEF**

**WHEREFORE**, as to **Counts I** through **IV**, the Plaintiff requests judgment against the Defendant as follows:

A. A declaratory judgment that Defendant's payroll policy or practice of not paying overtime premium to Plaintiff as described herein violates the FLSA;

B. A declaratory judgment that Defendant's recordkeeping policies and practices alleged herein violate the federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2, *et seq.*, and that Plaintiff is entitled to prove her hours worked with reasonable estimates;

C. Judgment against Defendant for damages for all unpaid overtime compensation owed to Plaintiff during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Judgment against Defendant for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

E. Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

F. Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Plaintiff during the applicable statutory period;

G. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Acts;

H. Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

I. Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Count V** the Plaintiff requests judgment against Defendant as follows:

J.        Ordering Defendant to reinstate Plaintiff;

K.        Ordering Defendant to pay monetary relief in an amount sufficient to compensate Plaintiff for the wages and benefits lost up to the time of her reinstatement;

L.        Awarding Plaintiff costs and reasonable attorneys' fees associated with this action against Defendant;

M.        Ordering Defendant to pay monetary relief in the amount sufficient to compensate Plaintiff for future wages and benefits lost in the event reinstatement is not feasible;

N.        Ordering Defendant to pay statutory, liquidated, and/or all other damages allowed under applicable law;

O.        Order Defendant to pay punitive damages;

P.        Ordering Defendant to pay pre-judgment interest and post-judgment interest; and

Q.        Directing such other and further relief as the Court may deem just or appropriate.

Respectfully submitted,

**BRYANT LEGAL, LLC**

/s/ *Daniel I. Bryant*
Daniel I. Bryant (0090859), Trial Attorney
1457 S. High St.
Columbus, Ohio 43207
Telephone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*/s/ Matthew B. Bryant*
Matthew B. Bryant (0085991)
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: Mbryant@bryantlegalllc.com

*Attorneys for Plaintiff*